IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH WAYNE DRIVER, | § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. H-20-3596 |
| HOUSTON POLICE DEPT., *ET AL.*, | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Harris County pretrial detainee Kenneth Wayne Driver, SPN #01599424, proceeding *pro se* and *in forma pauperis*, filed this section 1983 lawsuit against the Houston Police Department and the Harris County District Attorney's Office. He alleges he has been wrongfully indicted and detained on false felony charges and is entitled to monetary compensation.

Having screened the lawsuit as required by 28 U.S.C. § 1915, the Court DISMISSES the lawsuit for the reasons explained below.

*Background and Claims*

Plaintiff is a Harris County pretrial detainee awaiting trial on felony charges for the murder of a two-month-old infant. *State v. Driver*, Cause No. 1592229 in the 339th District Court of Harris County, Texas. He complains in this lawsuit that he is not guilty of the offense and is being held on false charges. He names as defendants the Houston Police

Department and the Harris County District Attorney's Office. He seeks $20,000.00 in monetary compensation.

## *Analysis*

### *Standard of Review*

A district court shall dismiss a case brought *in forma pauperis* at any time if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

### *Harris County District Attorney's Office*

Plaintiff claims that an unnamed Harris County assistant district attorney filed a false felony complaint for murder against him. The Court construes this as a section 1983 claim against the assistant district attorney in his or her individual capacity. However, the claim must be dismissed with prejudice. Plaintiff's claim against the assistant district attorney is barred by absolute prosecutorial immunity. *See Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir.

1994). Thus, plaintiff's claim against the assistant district attorney must be dismissed as barred by immunity. *See Green v. Texas Government*, 704 F. App'x 386, 387 (5th Cir. 2017).

*Houston Police Department*

Plaintiff further claims that the Houston Police Department is unlawfully holding him on false criminal charges. The Houston Police Department, as a department within the City of Houston, lacks any legal existence, and hence, cannot sue or be sued. *See Johnson v. Hurtt*, 893 F. Supp.2d 817 (S.D. Tex. July 25, 2012). Regardless, Plaintiff's claim challenging the legality of his pretrial detention is not cognizable under 42 U.S.C. § 1983, as it is presently barred by *Heck v. Humphrey,* 512 U.S. 477 (1994).

Plaintiff's claim challenges the validity of his current pretrial detention. It is well settled under *Heck* that when a criminal defendant brings a section 1983 case challenging his prosecution and detention, the district court must first consider whether a judgment in favor of the defendant would necessarily imply the invalidity of the underlying criminal proceedings and detention. 512 U.S. at 487. If so, the claim is barred unless the defendant proves that the underlying prosecution and conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486–87 (holding that a claim for monetary damages which essentially

challenges the validity of a plaintiff's existing incarceration is not cognizable under 42 U.S.C. § 1983).

Because plaintiff's pending criminal prosecution and detention have not been terminated in his favor, his claims for monetary damages are currently barred by *Heck*. Plaintiff's claim is DISMISSED WITH PREJUDICE to being asserted again until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

### *Conclusion*

Plaintiff's claim against the Harris County District Attorney's Office is DISMISSED WITH PREJUDICE as barred by prosecutorial immunity. Plaintiff's claim against the Houston Police Department is DISMISSED WITH PREJUDICE to being asserted again until the *Heck* conditions are met. Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas, on January 22, 2021.

Gray H. Miller
Senior United States District Judge